Steven Zinnel, #66138-097
Federal Correctional Institution
FPC Sheridan
P.O. Box 6000
Sheridan, OR 97378-6000

Defendant in Pro Se

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 2:21-mc-00143-TLN-CKD |
|---|---|
| Plaintiff, | Criminal Case No.: 2:11-cr-00234-TLN |
| v. | STEVEN ZINNEL'S OBJECTION TO UNITED STATES' REQUEST TO RECOVER A LITIGATION SURCHARGE OF TEN (10%) IN THE AMOUNT OF $301,409.40 |
| STEVEN ZINNEL, | |
| Defendant and Judgment Debtor. | |
| DAVID ZINNEL, SUCCESSOR TRUSTEE OF THE CASTANA TRUST, DATED MARCH 4, 2009, | |
| Garnishee. | |

In its Application for a Writ of Continuing Garnishment, Plaintiff United States ("government") seeks to recover a litigation surcharge of ten percent (10%) in the amount of $301,409.40. Defendant and alleged judgment debtor Steven Zinnel ("Zinnel") objects to the surcharge sought on the following grounds:

(1) Plaintiff United States of America and its attorneys have not complied with the statutory requirements for the issuance of the postjudgment remedy;
1

(2) Steven Zinnel does not owe any money in the underlying crimina; case and the government has actually over-collected $135,310.14 in the criminal case which should be returned to Zinnel;

(3) In a previous garnishment case, <u>United States of America v. Steven Zinnel</u>, U.S.D.C. ED CA case no. 2:21-mc-00098-TLN, at ECF #5-1, the government seeks to recover the exact same litigation surcharge, albeit in the amount of $301,429.  Even if the government was entitled to recover a litigation surcharge, which it is not, under 28 U.S.C. 3011(a) does not allow double-recovery.  Here, the government seeks the same ten percent (10%) litigation surcharge in two different garnishment actions, which if granted by the district court, would provide the government with a twenty percent (20%) litigation recovery when the statute allows for ten percent (10%);

(4) The government is not entitled to receive a litigation surcharge of ten percent (10%) because Zinnel's convictions in the underlying criminal case are not final.  Zinnel is still exercising his right to challenge his convictions, sentence, restitution, and forfeiture on direct appeal before the Ninth Circuit, via a Supreme Court Petition, and via a habeas corpus petition

under 28 U.S.C. 2255.

The criminal monetary penalties assessed in the underlying criminal case <u>have not</u> become a debt yet under the FDCPA until Zinnel's available judicial challenges are resolved. <u>Gonzalez v. Department of Labor</u>, 603 F. Supp. 2d 137, 2009 U.S. Dist. LEXIS 25921, (U.S.D.C., D. D.C. March 26, 2009) (Because "the Court has concluded that Gonzalez's FECA obligation <u>is not a debt pursuant to 28 U.S.C. 3002(3)(B)</u> until Gonzalez's <u>judicial challenges are exhausted</u>," <u>the district court denied the United States' ten percent debt collection claim under 28 U.S.C. 3011(a)</u> of the Federal Debt Collection Procedures Act.

Based on the foregoing and all of Zinnel's filings in the case, the district court must sustain this objection and DENY Plaintiff United States' request for a ten percent litigation surcharge of $301,409.40.

Seeking justice in an unjust case,

_____
Steven Zinnel                                   Dated: 6/28/21

## CERTIFICATION OF SERVICE

### By United States Mail

I hereby certify that at the time of service, I was over the age of 18. I further certify that on  6/26/21

I served a true and correct copy of the foregoing on:
AUSA Lynn Trinka Ernce
AUSA Kurt A. Didier
U.S. Attorney's Office, ED CA
501 I Street, Suite 10-100
Sacramento, CA  95814

Attorney for Plaintiff

K. Greg Peterson
K. Greg Peterson, A Professional Law Corporation
455 Capitol Mall, Suite 325
Sacramento, CA  95814

Attorney for Third-Party Claimant David Zinnel

by United States Mail, in a sealed envelope with the postage thereon fully prepaid, and then depositing the foregoing with prison authorities at FPC Sheridan, 27072 Ballston Road, Sheridan, OR  97378.

Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to a court, the court deems the pleading constrctively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Houston v. Lack, 487 U.S. 266, 270-271, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Steven Zinnel, #66138-097
FPC Sheridan
P.O. Box 6000
Sheridan, OR  97378-6000