Steven Zinnel, #66138-097
Federal Correctional Institution
FPC Sheridan
P.O. Box 6000
Sheridan, OR 97378-6000

Defendant in Pro Se

**FILED**

JUL 15 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>STEVEN ZINNEL,<br><br>    Defendant and Judgment Debtor.<br><br>DAVID ZINNEL, SUCCESSOR TRUSTEE OF THE CASTANA TRUST, DATED MARCH 4, 2009,<br><br>    Garnishee. | Case No.: 2:21-mc-00143-TLN-AC<br>Criminal Case No.: 2:11-cr-00234-TLN<br>STEVEN ZINNEL'S<br>NOTICE OF MOTION AND MOTION TO QUASH THE SUBPOENAS PLAINTIFF UNITED STATES OF AMERICA REQUESTED THE CLERK OF THE COURT TO ISSUE ON JULY 1, 2021 TO<br><br>(1)   JP MORGAN CHASE BANK, N.A.<br><br>(2)   THE VANGUARD GROUP, INC.<br><br>[F.R.C.P. RULE 45(d)(3)(A)]<br><br>HEARING [Oral Argument not requested]<br><br>Date: September 8, 2021<br>Time: 10:00 AM<br>Judge: Magistrate Judge Allison Claire<br>Ct.Rm. 26 |

To the Honorable Court, Plaintiff United States of America, Subpoena Recipients (1) JP Morgan Chase Bank, N.A. and (2) The Vanguard Group, Inc., and any person or entity that has appeared in the above-captioned case.

///

///

PLEASE TAKE NOTICE that on September 8, 2021 at 10:00 AM or as soon thereafter as this matter may be heard in Courtroom 26 in the above-entitled Court located at 501 I Street, Sacramento, California, 95814 for hearing, defendant and alleged judgment debtor Steven Zinnel ("Zinnel"), will and hereby moves the court to Quash the Subpoenas Plaintiff United States of America requested the Clerk of the Court to issue on July 1, 2021 to (1) JP Morgan Chase Bank, N.A (see Exhibit A) and (2) The Vanguard Group, Inc. (Exhibit B) based on F.R.C.P. Rule 45(d)(3)(A) and on the grounds detailed in the attached Memorandum of Points and Authorities.

This motion is based on this notice, the attached Memorandum of Points and Authorities, the records and files in this court, and any oral argument at any hearing. Zinnel waives oral argument in this case.

Seeking Justice,

_____  
Steven Zinnel

Dated: 7/11/21

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

I.   <u>KEY LAW</u>

Federal Rule of Civil Procedure 45 governs motions to quash a subpoena. Section (d)(3)(A) of the Rule identifies circumstances in which a court <u>must</u> grant a motion to quash:

> "On timely motion, the court for the district where compliance is required must quash a subpoena that... (iii) requires disclosure of privileged or other protected matter...or (iv) subjects a person to undue burden." Fed.R.Civ.P. 45(d)(3)(A)

Federal Rule of Civil Procedure 26 also guides the parameters of a motion to quash since it defines the permissible scope of discovery. <u>Brown v. Sperber-Porter</u>, 2017 U.S. Dist. LEXIS 223061 (D. Ariz., Nov. 6, 2017). Rule 26(c) requires that a court limit the extent of discovery, including that which is obtained by a subpoena.

The "relevance" standard does not apply to non-parties. See <u>Dart Indus. Co. v. Westwood Chem. Co.</u>, 649 F.2d 646, 649 (9th Cir. 1980). ("While discovery is a valuable right and should not be unnecessarily restricted..., the 'necessary' restriction may be broader when a nonparty is the target of discovery." "To obtain discovery from a nonparty, a party must demonstrate that its need for discovery outweighs the nonparty's interest in nondisclosure." <u>R. Prasad Indus. v. Flat Iron Envtl. Solutions Corp.</u>, 2014 U.S. Dist. LEXIS 84193 (D. Ariz. June 20, 2014).

///

///

## II. ANALYSIS

The subpoenas this motion seeks to quash were issued by the Clerk of the Court under this case number on July 1, 2021. Attached hereto as Exhibits A and B are true and correct copies of the subpoenas issued to JP Morgan Chase Bank, N.A. and The Vanguard Group, Inc. Both subpoenas improperly seek documents that "relate to, or refer to any and all accounts in which 'Castana Trust, EIN 82-621****' may have an interest in." (Exhibits A & B, pg. 2).

### A. Castana Trust is not the alleged judgment debtor

Castana Trust is not the alleged judgment debtor in this case nor is it a party to this case as the case caption reflects. It would be one thing, if the government was seeking Zinnel's account statements, signature cards, cancelled checks...from the subpoena recipients, but it is not. It is attempting to use a civil case in which Zinnel is the only defendant to invade the financial privacy of a legal trust that is not a party nor the alleged judgment debtor.

Here, the government canot demonstrate that "it needs for discovery outweighs Castana Trust's interest in non-disclosure." R. Prasad. supra.

The government is using the subpoena process as a fishing expedition, but even a fishing license does not entitle the licensee to catch all species of fish. Under the FDCPA, the government may seek discovery of the financial condition of the debtor in the manner which discovery is authorized by the Federal Rules of Civil Procedure. 28 U.S.C. 3015(a).

4

Here however, the government <u>is not</u> seeking discovery of the financial condition of Steven Zinnel, but rather Castana Trust. Here, the government <u>is not</u> not seeking documents regarding Zinnel's assets, finances, or businesses. It seeks documents regarding the assets and finances of Castana Trust which is not the alleged judgment debtor.

Therefore, this court should find there is no demonstrable reason to believe that the government's inquiry into Castana Trust's financial records is legitimate and thus should quash both subpoenas.

    B. There is no reason for discovery when there has been no determination that Zinnel owes a debt

In Zinnel's Memorandum of Points and Authorities in support of Zinnel's Request for Hearing filed on July 2, 2021, Zinnel opposes the government's specious actions for many compelling reasons: <u>First</u>, Zinnel does not owe any money in the underlying Criminal Case and the government has actually over-collected $135,310.14 in the Criminal Case. <u>Second</u>, Zinnel as a trust beneficiary, has no legal title or ownership in any Castana Trust assets. <u>Third</u>, the criminal monetary penalties assessed in the underlying criminal case <u>have not</u> become a debt yet under the FDCPA until Zinnel's available challenges are resolved. <u>Fourth</u>, Plaintiff United States of America and its attorneys have not complied with statutory requirements for the issuance of the post judgment remedy. <u>Fifth</u>, the property the United States

is seeking is exempt under the applicable exemption. <u>Sixth</u>, the Sacramento Superior Court, Probate Division, will decide the question of the Castana Trust's ownership of assets. Therefore, the government's specious discovery attempts are premature and should be stopped by this court.

    C.   <u>The government must not enforce the subpoenas during the pendency of this motion to quash</u>

The government did not provide Zinnel with the addresses of the two subpoena recipients. Therefore, Zinnel, who is incarcerated, cannot serve this motion on the subpoena recipients. Nevertheless, the government should not attempt to enforce the subpoenas now that Zinnel has filed a motion to quash. California <u>Civil Code</u> section 3527 states the law helps the vigilant, before those who sleep on their rights. Here, the government has slept on its perceived rights for seven (7) years and thus cannot claim prejudice in not enforcing the subpoenas during the pendency of this motion. The court should order any documents produced before this motion is decided be held by the Clerk of the Court under seal.

Seeking Justice,

_____
Steven Zinnel

Dated: 7/11/21

# EXHIBIT "A"

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| UNITED STATES OF AMERICA | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:21-mc-00143-TLN-AC |
| | ) |
| STEVEN ZINNEL | ) Related Criminal Case 2:11-cr-00234-TLN |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          JPMORGAN CHASE BANK, N.A.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
    See subpoena attachment.

| Place: United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, California 95814 | Date and Time:<br><br>07/22/2021 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    07/01/2021

                        *CLERK OF COURT*
                                                     OR        [signature]

          *Signature of Clerk or Deputy Clerk*                                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
United States of America _____ , who issues or requests this subpoena, are:
AUSA Lynn Trinka Ernce, 501 I Street, #10-100, Sacramento, CA 95814, Lynn.Trinka.Ernce@usdoj.gov, 916-554-2700

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No: 2:21-mc-00143-TLN-AC
Related Criminal Case No.: 2:11-cr-00234-TLN

# UNITED STATES OF AMERICA v. STEVEN ZINNEL

## DOCUMENT REQUEST – ATTACHMENT TO SUBPOENA

## TO JPMORGAN CHASE BANK, N.A.

The United States seeks all documents in your possession, custody or control that constitute, relate to, or refer to any and all accounts in which the following may have an interest, as follows:

## CASTANA TRUST, EIN 82-6218324

Pursuant to the subpoena attached hereto, please provide documents to include, but not limited to:

1. Account statements (**from September 1, 2016 to the present**);

2. Account applications and/or signature cards;

3. Canceled checks (**from September 1, 2016 to the present**);

4. Checks and debits (**from September 1, 2016 to the present**);

5. Deposits with offsets (**from September 1, 2016 to the present**);

6. Direct deposit information, including but not limited to, all account information pertaining to any sender of funds (**from September 1, 2016 to the present**);

7. Information pertaining to all activity regarding wire transfers, including, but not limited to, all identifying information regarding the recipient and the person transferring the money and account information;

8. Information pertaining to online transfers, including but not limited to, all information pertaining to the account or destination that funds were transferred to, or from (**from September 1, 2016 to the present**).

*Please provide your response in writing. A production in electronic format is preferred*

Contact the below listed individual to arrange for transfer of the subpoenaed documents or for questions:

> Michelle Lecroy
> Paralegal Specialist
> For electronic response: Michelle.Lecroy@usdoj.gov
> United States Attorney's Office
> Eastern District of California
> 501 I Street, Suite 10-100
> Sacramento, California 95814
> Telephone: (916) 554-2933

# EXHIBIT "B"

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| UNITED STATES OF AMERICA | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:21-mc-00143-TLN-AC |
|  | ) |
| STEVEN ZINNEL | ) Related Criminal Case 2:11-cr-00234-TLN |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   THE VANGUARD GROUP, INC.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
   See subpoena attachment.

| Place: United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, California 95814 | Date and Time:<br>07/22/2021 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   07/01/2021

               *CLERK OF COURT*
                                                    OR        [signature]
   _____                          _____
       *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
United States of America                                              , who issues or requests this subpoena, are:
AUSA Lynn Trinka Ernce, 501 I Street, #10-100, Sacramento, CA 95814, Lynn.Trinka.Ernce@usdoj.gov, 916-554-2700

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## UNITED STATES OF AMERICA v. STEVEN ZINNEL

## DOCUMENT REQUEST – ATTACHMENT TO SUBPOENA

## TO THE VANGUARD GROUP, INC.

The United States seeks all documents in your possession, custody or control that constitute, relate to, or refer to any and all accounts in which the following may have an interest, as follows:

### CASTANA TRUST, EIN 82-6218324

Pursuant to the subpoena attached hereto, please provide documents to include, but not limited to:

1. Account statements (**from September 1, 2016 to the present**);

2. Account applications and/or signature cards;

3. Canceled checks (**from September 1, 2016 to the present**);

4. Checks and debits (**from September 1, 2016 to the present**);

5. Deposits with offsets (**from September 1, 2016 to the present**);

6. Direct deposit information, including but not limited to, all account information pertaining to any sender of funds (**from September 1, 2016 to the present**);

7. Information pertaining to all activity regarding wire transfers, including, but not limited to, all identifying information regarding the recipient and the person transferring the money and account information;

8. Information pertaining to online transfers, including but not limited to, all information pertaining to the account or destination that funds were transferred to, or from (**from September 1, 2016 to the present**).

\***Please provide your response in writing. A production in electronic format is preferred**\*

Contact the below listed individual to arrange for transfer of the subpoenaed documents or for questions:

> Michelle Lecroy
> Paralegal Specialist
> For electronic response: Michelle.Lecroy@usdoj.gov
> United States Attorney's Office
> Eastern District of California
> 501 I Street, Suite 10-100
> Sacramento, California 95814
> Telephone: (916) 554-2933

## CERTIFICATION OF SERVICE

By United States Mail

I hereby certify that at the time of service, I was over the age of 18. I further certify that on ___7/11/21___ I served a true and correct copy of the foregoing on:

AUSA Lynn Trinka Ernce
AUSA Kurt A. Didier
U.S. Attorney's Office, ED CA
501 I Street, Suite 10-100
Sacramento, CA  95814

Attorney for Plaintiff


K. Greg Peterson
K. Greg Peterson, A Professional Law Corporation
455 Capitol Mall, Suite 325
Sacramento, CA  95814

Attorney for Third-Party Claimant David Zinnel


by United States Mail, in a sealed envelope with the postage thereon fully prepaid, and then depositing the foregoing with prison authorities at FPC Sheridan, 27072 Ballston Road, Sheridan, OR 97378.

Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to a court, the court deems the pleading constrctively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Houston v. Lack, 487 U.S. 266, 270-271, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_/s/_

Steven Zinnel, #66138-097
FPC Sheridan
P.O. Box 6000
Sheridan, OR  97378-6000