PHILLIP A. TALBERT
Acting United States Attorney
LYNN TRINKA ERNCE
KURT A. DIDIER
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.:  2:21-mc-000143-TLN-AC |
| Plaintiff, | **UNITED STATES OF AMERICA'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER CASE** |
| v. | |
| STEVEN ZINNEL, | |
| Defendant and Judgment Debtor. | |
| DAVID ZINNEL, SUCCESSOR TRUSTEE OF THE CASTANA TRUST, DATED MARCH 4, 2009, | |
| Garnishee. | |

## Introduction

Defendant Steven Zinnel filed his Motion to Transfer this case to the District of Oregon, where he is presently incarcerated, on July 6, 2021 (the Motion).  Dkt. 19.  That same day, he also filed a waiver of his right to be physically present in the courtroom for any case proceedings.  Dkt. 24. Defendant also consented to appear by video or telephone at all court proceedings and requested that the Court order the United States not to transfer him to this judicial district.  *Id.*  In the following two weeks, defendant filed multiple motions for various relief and waived oral argument in each of them.  *See* Dkts. 31, 33, 34, and 37.  In "Steven Zinnel's Notice of Continued Prejudice . . . ,", defendant nonetheless

complains of, among other things, his continuing prejudice caused by the Court's failure to transfer the case as 28 U.S.C. § 3004(b)(2) seemingly mandates.  Dkt. 37.

This Court should deny the Motion under an emerging line of cases that hold that section 3004(b)(2) must be read in conjunction with other statutes which, together, give courts discretion to deny transfer requests upon a showing of good cause.  Section 3004(b)(2) is the transfer statute within the Federal Debt Collections Procedures Act, 28 U.S.C. §§ 3001 – 3308 (the FDCPA), the statutory scheme by which the United States brought its garnishment actions.  Section 3003(b) instructs that the FDCPA shall not curtail the United States' right to "collect any fine, penalty, assessment, restitution, or forfeiture arising in a criminal case."  28 U.S.C. § 3003(b)(2).  Together with section 3003(b), section 3013 empowers courts to issue orders "denying, limiting . . . or modifying the use of any enforcement procedure under this chapter."  28 U.S.C. § 3013.

Thus, courts increasingly and justifiably employ a balanced approach with section 3004(b)(2) requests, weighing the statute's seemingly mandatory transfer language against the courts' authority under sections 3003(b)(2) and 3013 to deny transfer upon a showing of good cause.  As argued more fully below, good cause exists to deny the Motion and keep the United States' enforcement proceedings before the sentencing court.

<u>**Applicable Standards**</u>

Section 3004(b)(2), the FDCPA's transfer statute, provides:

> If the debtor so requests, within 20 days after receiving the notice
> described in section 3101(d) or 3202(b), the action or proceeding in which
> the writ, order, or judgment was issued shall be transferred to the district
> court for the district in which the debtor resides.

28 U.S.C. § 3004(b)(2).

Two circuit courts of appeal hold that a timely request for transfer must be granted because the statute includes the word "shall."  *See United States v. Peters*, 783 F.3d 1361, 1363-64 (11th Cir. 2015); *United States v. Nash*, 175 F.3d 440, 442 (6th Cir. 1999).  The courts also noted that the purpose of the transfer provision is to safeguard a defendant's ability to meaningfully attend FDCPA proceedings. *Peters*, 783 F.3d at 1364; *Nash*, 175 F.3d at 443 (finding, however, that district court's failure to transfer was harmless error where defendant's substantial rights to a hearing were satisfied).  Neither *Peters* nor

*Nash* discuss the applicability of sections 3003(b)(2) and 3013 to the transfer statute, which other courts have cited to deny transfer requests.

Section 3003, Rules of Construction, states:

> Effect on rights of the United States.—This chapter shall not be construed to curtail or limit the right of the United States under any other Federal law or any State law [ ] to collect any fine, penalty, assessment, restitution, or forfeiture arising in a criminal case.

28 U.S.C. § 3003(b)(2).

Section 3013, Modification or protective order, supervision of enforcement, states:

> The court may at any time on its own initiative or the motion of any interested person, and after such notice as it may require, make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement proceeding under this chapter.

28 U.S.C. § 3013.

The Ninth Circuit has not ruled on the issue whether section 3004(b)(2) mandates transfer upon a timely request, where there is good cause to deny transfer.  Nor has it addressed the effect of sections 3003(b)(2) and 3013 on section 3004(b)(2).  Several district courts have, however, and ruled that the sections, individually or collectively, authorize courts to deny transfers where good cause exists under the case's facts and circumstances.  *See United States v. Cranston*, No. CV1406662RGKAJWX, 2014 WL 12607710, at *1 (C.D. Cal. Nov. 1, 2014) ("Federal courts have routinely found that good cause exists 'where transfer is requested merely to delay or frustrate efforts to collect on restitution judgments.'") (quoting *United States v. Gipson*, 714 F. Supp. 2d 571, 576 (N.D. Va. 2010) (Under 3003(b)(2), the FDCPA's transfer provision must yield to another federal law if the transfer would impede the government's effort to collect restitution under that other law)); *see also United States v. Sethi*, No. 08-CV-00418-BNB-MEH, 2014 WL 4651649, at *2 (D. Colo. Sept. 18, 2014) ("The great bulk of authority" is contrary to mandatory transfer) (citing *United States v. Mathews*, 793 F. Supp. 2d 72, 75 (D.D.C. 2011) (denying transfer motion where defendant was attempting to delay or frustrate United States' collection efforts)); *E.E.O.C. v. 5042 Holdings Ltd.*, No. 3:09-CV-61, 2013 WL 1636577, at *6 (N.D. W.Va. Apr. 16, 2013) (Government demonstrated good cause to deny transfer where it would delay and frustrate efforts to collect on judgment).

Good cause also includes practical considerations that address the defendant's ability to appear at hearings and the court's effective administration of the case. *See, e.g., United States v. Montijo*, No. 17-CR-518 (BCM), 2021 WL 2470507, at *3–4 (S.D.N.Y. May 19, 2021) (transfer denial appropriate under section 3013 where COVID-19 remote hearing protocols are adequate; hearing was not required where defendant's objections to garnishment were plainly without merit); *United States v. Butler*, No. CR 08-0072-MWB, 2018 WL 6304408, at *2 (N.D. Iowa Dec. 3, 2018) (transfer denied because incarcerated defendant can appear at hearings by telephone and transfer provision is inconsistent with Mandatory Victims Restitution Act, which grants the sentencing court continuing jurisdiction over its restitution order); *F.T.C. v. Affiliate Strategies, Inc.*, No. 09-4104-JAR, 2012 WL 2449869, at *1–2 (D. Kan. June 26, 2012).

Based on the authorities cited above, good cause exists to deny defendant's transfer motion.

## **The Court Should Deny The Requested Transfer**

A.    Good Cause Exists To Deny Transfer Because The Motion Is Intended
To Frustrate And Delay The United States' Judgment Enforcement Actions.

The United States' ongoing enforcement efforts in this Mandatory Victim Restitution Act (MVRA) case should not be curtailed or limited by defendant's meritless transfer request. 28 U.S.C. § 3003(b)(2). *Cranston*, 2014 WL 12607710, at *1; *Gipson*, 714 F. Supp. 2d at 576. This Court sentenced defendant and should continue exercising its jurisdiction over him in these post-judgment proceedings. *See, e.g.,* 18 U.S.C. §§ 3613A (court's curative power against a defendant in default of his payment obligations); 3664(k) (court's authority to modify payment schedule upon defendant's change in economic circumstances); *Butler*, 2018 WL 6304408, at *2; *Affiliate Strategies, Inc.*, 2012 WL 2449869, at *2; Amended Judgment, Dkt. 386, p. 1, Case No. 2:11-cr-243-TLN (judgment requires defendant to notify the Court and the United States Attorney of material changes in his economic circumstances).

Congress mandated that the United States collect unpaid fines and restitution. 18 U.S.C. §§ 3612(c) (the Attorney General is responsible for collecting unpaid fines and restitution); *United States v. Novak*, 476 F.3d 1041, 1044 (9th Cir. 2007) (en banc) ("The government is responsible for enforcing restitution orders and turning the funds collected over to victims."). Here, the government has initiated

1  three FDCPA enforcement actions against defendant because, to date, he has paid less than $1,000

2  towards his approximate $3,013,894 judgment balance.  Of this amount, defendant owes more than

3  $2,500,000 in mandatory restitution.  The United States' collection actions include obtaining an *ex parte*

4  order restraining a TD Ameritrade IRA and two pending garnishment actions.  Dkt. 671, Case No. 2:11-

5  cr-234.

6          This Court has already issued several rulings in the garnishment cases, including denial of

7  defendant's requested transfer of the TD Ameritrade garnishment case to the District of Oregon.  Dkt.

8  27, Case No. 2:21-mc-00098.  The filings and rulings in both cases are voluminous and both cases have

9  substantially progressed such that it would be extremely inefficient for a new court to take over now.

10  The Court has a strong interest in ensuring defendant complies with the judgment's payment schedule

11  and is in the best position to adjudicate these post-judgment proceedings.  Transferring the case to a

12  district judge in Oregon would undo this Court's administration of a ten-year old case, squandering

13  judicial economy, and delaying and curtailing the United States' enforcement efforts against a

14  contentious defendant; precisely why defendant filed the Motion.  Good cause exists to deny transfer.

15  *5042 Holdings Ltd.*, 2013 WL 1636577, at *6. (Government demonstrated good cause to deny transfer

16  where it would delay and frustrate efforts to collect on judgment.)

17          B.   Section 3013 Authorizes The Court To Manage Its FDCPA Docket By Appropriate Order.

18          Defendant's Motion and his posture throughout has been to delay and unnecessarily complicate

19  these proceedings.  Despite the several orders entered against him in this, and the TD Ameritrade case,

20  defendant's filings routinely ignore these rulings and repeat discredited positions.  The Court has already

21  denied his transfer motion in the TD Ameritrade garnishment case and found many of his other filings to

22  be meritless.  The Motion is no different.

23          His written waiver of physically attending any FDCPA proceedings in the case, consent to

24  appear by phone or video conference, and repeated failure to request oral argument in the several

25  motions while pressing his transfer request expose his purpose of impeding judgment enforcement and

26  transferring the case from the assigned district judge.  In addition to authorizing a court to deny transfer,

27  section 3013 also empowers a court to issue appropriate orders to advance the effective management of

28  its court docket(s), including denying hearings altogether.  *See Montijo*, 2021 WL 2470507, at *3–4.  In

fact, the Court has already done so.  *See,* Dkt. 35 (ordering the submission of many of defendant's motions without appearance and argument).  For matters the Court sets for hearing, existing technology allows defendant to meaningfully attend the hearing remotely.  He has already consented to appearing via telephone or videoconference, the mediums used routinely and successfully before and during the COVID-19 pandemic and which section 3013 sanctions.

These safeguards address the concerns raised in *Peters*, 783 F.3d at 1364 and *Nash*, 175 F.3d at 443.  They are also in accord with the procedures deemed adequate by subsequent courts.[1]  *Montijo*, 2021 WL 2470507, at *3–4 (transfer denial appropriate under section 3013 where COVID-19 remote hearing protocols are adequate); *Butler*, 2018 WL 6304408, at *2 (transfer denied because incarcerated defendant can appear at hearings by telephone and transfer provision is inconsistent with MVRA).  Collectively, these cases and authorities demonstrate the power and discretion sections 3003(b)(2) and 3013 give courts to manage their FDCPA dockets.  And here, on defendant's transfer motion, these statutes make clear that the Court can deny the Motion upon the United States' showing of good cause.

The United States has demonstrated good cause exists to deny transfer of this case to the District of Oregon.  Defendant's Motion is designed solely to curtail, delay, and frustrate the United States' enforcement of his unpaid judgment, which includes a MVRA order of over $2,500,000.  The Court has manifested its intent to retain jurisdiction of these post-judgment proceedings.  It, and the litigants, have expended enormous effort in the pending FDCPA cases.  Adequate safeguards are in place to allow defendant to meaningfully participate in these proceedings while also preserving judicial economy.  Transferring this case to the District of Oregon at this advanced stage and in light of the foregoing, would needlessly disrupt the proceedings to the detriment of the Court, United States, and defendant's several restitution victims.  Sections 3003(b)(2) and 3013 of the FDCPA, individually and collectively, forestall creation of judicial waste and accordingly, section 3004(b)(2)'s transfer provision must yield here.  Defendant's Motion should be denied.

---

[1] At least one criminal statute addresses hearing protocols in the post-judgment setting.  The United States referenced 18 U.S.C. § 3613A (Effect of Default), *supra*, at 4.  Under section 3613A, courts have extensive power to remedy a defendant's failure to pay his judgment.  Were the Court to undertake action now, while defendant is still incarcerated, defendant's presence at any scheduled hearing would be, to the extent practicable, by "telephone, video conference, [ ] without removing the prisoner from the facility in which [he] is confined."  18 U.S.C. §§ 3613A(b)(2).

## **Conclusion**

Based on the foregoing, the Court should deny defendant's motion to transfer this case to the District of Oregon in its entirety.

Respectfully submitted,

Dated:  July 23, 2021

PHILLIP A. TALBERT
Acting United States Attorney

*/s/ Kurt A. Didier*
LYNN TRINKA ERNCE
KURT A. DIDIER
Assistant United States Attorneys