UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN ZINNEL,<br><br>Defendant. | No. 2:21-mc-0143 TLN AC<br><br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

    Before the undersigned are several miscellaneous motions brought by judgment debtor Steven Zinnel. ECF Nos. 18, 19, 24, 28, 31, 33, and 34. Also before the court is Steven Zinnel's request for an evidentiary hearing (ECF No. 23) and motion to quash (ECF No. 21), which the court recommends be DENIED.

                             I.      BACKGROUND

    This is a miscellaneous case brought by the United States of America to establish a continuing writ of garnishment against property in which defendant-debtor Steven Zinnel has an interest. ECF No. 1 at 1-2. The garnishee is David Zinnel, successor trustee of the Castana Trust, dated March 4, 2009. ECF No. 2 at 2. The government alleges that Steven Zinnel has an interest in the Trust, as defined by 28 U.S.C. § 3002(12). Id. The government reports that on March 4, 2014, Steven Zinnel was sentenced in case number 2:11-cr-00234-TLN and ordered to pay a $1,500.00 statutory assessment and a $500,000.00 fine, and on May 30, 2014, he was ordered to

pay $2,513,319.00 in restitution (the Judgment Amount), $3,014,294.00 of which remained outstanding as of the filing of this case. ECF No. 1 at 2; see also United States v. Zinnel, et al., 2:11-cr-00234-TLN-1 ("criminal case") at ECF 653 at 7-9 ("second amended judgment" entered May 16, 2019 reflecting the same financial penalties).

By this action the United States seeks to recover a litigation surcharge of ten percent (10%) of the amount of the debt ($3,014,094.00 as of June 5, 2021) pursuant to 28 U.S.C. § 3011(a) for a total amount $3,315,503.40. Id. A writ of continuing garnishment was issued by the Clerk of Court on June 9, 2021. ECF No. 3. On June 18, 2021, the garnishee acknowledged service and answered, identifying the assets belonging to the trust, including a TD Ameritrade IRA account with disputed ownership which is being litigated in related case 2:21-MC-0098 TLN AC. ECF No. 9. A motion to consolidate the related cases was brought by garnishee David Zinnel and is pending before the District Judge. ECF No. 11. Many issues presented by Steven Zinnel in this case have already been litigated in the related case.

## II.     EVIDENTIARY HEARING REQUEST

Upon review of the record as a whole, the undersigned recommends Steven Zinnel's motion for an evidentiary hearing pertaining to the writ of garnishment be denied. Orders for restitution may be enforced by the United States in the same manner as the enforcement of fines or "by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A)(i)-(ii). See United States v. Novak, 476 F.3d 1041, 1044 (9th Cir.2007) (en banc) ("The government is responsible for enforcing restitution orders and turning the funds collected over to victims."). One available procedure is a writ of garnishment against a judgment debtor's property.

The Federal Debt Collection Practices Act ("FDCPA") "sets forth the 'exclusive civil procedures for the United States . . . to recover a judgment on...an amount that is owing to the United States on account of . . . restitution.'" United States v. Mays, 430 F.3d 963, 965 (9th Cir. 2005) (quoting 28 U.S.C. §§ 3001(a)(1), 3002(3)(B) (alterations in original)). The Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663(a), allows the United States to collect on a restitution judgment using the procedures available for the collection of criminal fines outlined in 18 U.S.C. § 3613(a), see 18 U.S.C. §§ 3613(f) and 3664(m); it "may enforce a judgment

1  imposing a fine in accordance with the practices and procedures for the enforcement of a civil
2  judgment under Federal law or State law [.]" United States v. Berger, 574 F.3d 1202, 1204 (9th
3  Cir. 2009) (quoting 18 U.S.C. § 3613(a)).

4    Under the FDCPA, the government is required to provide the judgment debtor with notice
5  of the commencement of garnishment proceedings. 28 U.S.C. § 3202(b)-(c). The judgment
6  debtor has twenty days after receipt of the notice to request a hearing, at which the judgment
7  debtor may move to quash any order granting the garnishment. 28 U.S.C. § 3202(d). If a
8  garnishment hearing is held, it is limited to the issues of: (1) "the probable validity of any claim
9  of exemption by the judgment debtor;" (2) "compliance with any statutory requirement for the
10 issuance of the postjudgment remedy granted; and (3) if the judgment is by default and only to the
11 extent that the Constitution or another law of the United States provides a right to a hearing on the
12 issue, to—(A) the probable validity of the claim for the debt which is merged in the judgment;
13 and (B) the existence of good cause for setting aside such judgment." 28 U.S.C. § 3202(d).

14   "Although the Act states that the court 'shall hold a hearing' at the debtor's request, courts
15 have denied a hearing where the debtor did not object based on one of the issues specified in 28
16 U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was simply
17 a matter of statutory interpretation." United States v. Bruneau, No. CR-09-8098-1-PCT-FJM,
18 2013 WL 6409518, at *3 (D. Ariz. Oct. 23, 2013), report and recommendation adopted as
19 modified on other grounds, No. CR-09-08098-PHX-FJM, 2013 WL 6409486 (D. Ariz. Dec. 9,
20 2013) (quoting United States v. Miller, 588 F.Supp.2d 789, 797 (W.D. Mich. 2008) (citations
21 omitted)); see also United States v. Baugus, 310 Fed.Appx. 120 (9th Cir. 2009) ("[W]e conclude
22 that any error was harmless in light of the district court's subsequent correct ruling that Baugus
23 was not entitled ... to a hearing, see 28 U.S.C. § 3202(d)."); United States v. Pedro, 2011 WL
24 2262226, at *2 (D. Ariz. May 16, 2011) (denying a hearing) (citing, *inter alia*, United States v.
25 Tanya Marie Smith, 88 Fed.Appx. 981, at * 1 (8th Cir. 2004) (noting that issues at a garnishment
26 hearing are "limited to determining validity of any claim of exemption, government's compliance
27 with statutory requirements and validity of default judgment.")).

28   As in the related case, there is no basis to hold an evidentiary hearing based on the request

by defendant Steven Zinnel because his objections plainly without merit. Steven Zinnel makes seven arguments: (1) he does not owe the money because he has already paid through restitution, (2) he does not own the property in the Castana Trust because he is only a trust beneficiary, (3) he does not owe the money because there is no final debt, (4) he does not owe the money because the debt was not perfected, (5) he filed a claim exemption, (6) the probate court is determining whether the Ameritrade IRA is part of the Castana Trust, and (7) the government lawyers continue to lie to the court. ECF No. 16 (memorandum). First, Steven Zinnel's arguments that he filed a notice of claim exemption and that the government lawyers have lied to the court are each meritless. The statement that he filed an exemption form contains no actual argument. ECF No. 16 at 15. The various cited examples of government lies (e.g., presenting an incorrect address for Steven Zinnel, asserting that Steven Zinnel owes the money at issue) are meritless, duplicative of other arguments, and do not warrant an evidentiary hearing. Id. at 17-19.

Second, defendant clearly owes the money at issue regardless of any forfeitures already made by the government. The financial penalties were unquestionably imposed in his criminal case. Case No. 2:11-cr-00234-TLN-1, ECF 653 at 7-9. Steven Zinnel claims, however, that because the United States seized and forfeited assets exceeding $3 million, the forfeited assets plus the minimal amount he has paid through the Inmate Financial Responsibility Program have fully paid the special assessment, fine, and restitution. ECF 20 at 7-9. Defendant is incorrect. The court ordered *both* the payment of criminal monetary penalties and the assessment, fine and restitution (Case No. 2:11-cr-00234-TLN-1, ECF 653 at 7-9) *and* forfeiture of defendant's assets; these are separate and distinct remedies with different purposes, and both forfeiture and restitution are independently enforceable.

As the Ninth Circuit explained in United States v. Newman, 659 F.3d 1235 (9th Cir. 2011):

> Congress conceived of forfeiture as punishment for the commission of various crimes. The purpose of restitution . . . however, is not to punish the defendant, but to make the victim whole again by restoring to him or her the value of the losses suffered as a result of the defendant's crime.

Id. at 1241 (internal citations and quotations omitted, emphases in original). Thus, "defendants

4

may be required to pay restitution and forfeit the same amounts." Id. (quoting United States v. Boulware, 384 F.3d 794, 813 (9th Cir. 2004)).  The Ninth Circuit has soundly rejected Zinnel's double-recovery argument, by making clear that:

> Because "restitution and forfeiture are distinct remedies, ordering both in the same or similar amounts does not generally amount to a double recovery . . . Paying restitution plus forfeiture at worst forces the offender to disgorge a total amount equal to twice the value of the proceeds of the crime. Given the many tangible and intangible costs of criminal activity, this is in no way disproportionate to the harm inflicted upon government and society by the offense.

Id. (quoting United States v. McGinty, 610 F.3d 1242, 1247-48) (10th Cir. 2010)).  Thus, the Ninth Circuit held that requiring defendants to pay both restitution and criminal forfeiture "is not an impermissible double recovery" and that the district court erred to the extent it reduced or eliminated criminal forfeiture because of restitution.  Id. at 1241, 1242.[1]

The arguments that the debt is not final, and that the debt was not perfected, are likewise meritless.  As discussed above, debt was unquestionably reduced to a final judgment in the associated criminal case. ECF No. 1 at 2; see also United States v. Zinnel, et al., 2:11-cr-00234-TLN-1 ("criminal case") at ECF 653 at 7-9 ("second amended judgment" entered May 16, 2019 reflecting the same financial penalties).  The debt is final, and this garnishment case is in not premature or improper.

Finally, Steven Zinnel's arguments regarding beneficiary/ownership status of the Castana Trust and the probate court's determinations regarding whether the IRA is owned by the Trust are meritless and do not entitle him to an evidentiary hearing.  As to Steven Zinnel's beneficiary status, the trust settlor (Ardith Ferris) is deceased and per the terms of the trust at Article 5, the trust assets are to be distributed.  See ECF Nos. 1-2, 1-3.  Steven Zinnel's alleged ownership interest in the Trust is a present interest, not a future one.  As to whether the IRA is owned by the Castana Trust, that matter is being addressed in the related case, 2:21-MC-98 TLN AC, and does not entitled Steven Zinnel to an evidentiary hearing here.  Steven Zinnel's request for a hearing

---

[1] To the extent defendant relies on the fact that his sentence is on appeal to the Ninth Circuit, the undersigned notes that a memorandum opinion by the Ninth Circuit issued June 17, 2021 in the associated criminal case reflects that he only appealed "his sentence and term of supervised release," not the financial penalties.  Case No. 2:11-cr-00234-TLN-1, ECF No. 678 at 2.

(ECF No. 23) is plainly without merit and the undersigned recommends it be DENIED.

### III.   STEVEN ZINNEL'S MOTION TO QUASH

Steven Zinnel moves to quash the writ of garnishment pursuant to 28 U.S.C.A. § 3205(c)(10)(A), which states that a garnishment may only be terminated by "a court order quashing the writ of garnishment." ECF No. 21 at 2. The party seeking to quash a writ of garnishment has the burden to prove the writ is invalid. United States v. Novak, 476 F.3d 1041, 1064 (9th Cir. 2007). Here, Steven Zinnel raises meritless arguments that are duplicative of his motion for an evidentiary hearing, discussed above (he does not owe the money, the attorneys are lying, the debt is not final). ECF No. 21 at 2-4. For all the reasons discussed above, these arguments are entirely without merit. The undersigned recommends the motion to quash (ECF No. 21) be DENIED.

### IV.   STEVEN ZINNEL'S REMAINING MOTIONS

Remaining before the court are several miscellaneous, non-dispositive motions from Steven Zinnel. First, Steven Zinnel requests a copy of the docket. ECF No. 18. The request does not show good cause, and the court does not routinely provide copies of the docket to litigants. The undersigned finds that sending Steven Zinnel a copy of the docket is not an appropriate use of court resources and the motion at ECF No. 18 is DENIED.

Second, Steven Zinnel moves for this case be transferred to Oregon, where he is incarcerated. ECF No. 19. Venue is appropriate in the Eastern District of California, where Steven Zinnel's criminal judgment was entered. This case will not be transferred to Steven Zinnel's place of incarceration, and the motion at ECF No. 19 is DENIED.

Third, Steven Zinnel moves, ex parte, for court order directing the United States not to compel his personal appearance in this action. ECF No. 24. This motion is premature as the government has not made a request for Steven Zinnel's personal appearance. The court does not anticipate the need for Steven Zinnel's personal appearance in this case but declines to issue an advance order on an ex parte bases on the subject. The motion at ECF No. 24 is DENIED.

Fourth, Steven Zinnel moves for standing extensions of time, asserting that the Local and Federal Rules generally do not provide him ample time to file responses and replies. The court

will not issue general standing extensions of time.  Steven Zinnel also asks the court to order the United States and David Zinnel to personally serve him with their papers and court orders.  The court declines to create any special service rules in this case; Steven Zinnel is being served and is aware of and active in this case.  The Local and Federal Rules will continue to guide this case.  The motion at ECF No. 28 is DENIED.

Fifth, Steven Zinnel moves to vacate the reference of this matter to the magistrate judge.  ECF No. 31.  This miscellaneous matter is referred to the undersigned by Local Rule 302(c)(21).  The district judge remains assigned to the case and reviews all findings and recommendations issued.  There is no legal reason why referral is inappropriate, and no authority exists for vacating the referral.  The motion at ECF No. 31 is DENIED.

Sixth, Steven Zinnel moves to quash subpoenas issued by the Clerk of Court to third parties JP Morgan Chase Bank and The Vanguard Group that seek documents related to the Castana Trust.  ECF No. 33 at 4-5.  A nonparty may be compelled to produce documents and tangible things via a Rule 45 subpoena.  Fed. R. Civ. P. 34(c).  The Ninth Circuit has "yet to address the question of whether a party has standing to bring a motion to quash since usually only the subpoenaed non-party may move to quash.  The general rule, however, is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." California Sportfishing Prot. All. v. Chico Scrap Metal, Inc., 299 F.R.D. 638, 643 (E.D. Cal. 2014) (citing Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo. 1997)).

Plaintiff argues in his motion to quash that he does not owe the debt and that the Castana Trust is not the judgment debtor.  ECF No. 33 at 4-5.  Plaintiff lacks standing to object to the subpoenas on these grounds.  A party cannot seek to quash a Fed. R. Civ. P. 45 subpoena except to the extent that it has "a personal right or privilege in the information sought to be disclosed." Freed v. Home Depot U.S.A., Inc., No. 18CV359-BAS (LL), 2019 WL 582346, at *2 (S.D. Cal. Feb. 13, 2019) (quoting Chevron Corp. v. Donziger, No. 12-MC-80237 CRB (NC), 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013)).  Plaintiff's motion to quash (ECF No. 33) is meritless and is DENIED.

Finally, Steven Zinnel asks to use e-filing in this case. ECF No. 34. The thrust of his argument is that it is unfair for him to have to file and serve conventionally. He does not address his access to computers or his familiarity with electronic filing. Finding no good cause to allow Steven Zinnel to e-file, the motion (ECF No. 34) is DENIED.

V.    MISCELLANEOUS FILINGS

Plaintiff has filed many miscellaneous items on the docket in this case and in related cases. See, e.g., ECF Nos. 26, 37, 38. The court notes that these documents are not noticed as motions, they do not raise issues that require adjudication, and the court will not address them in this or any related case.

VI.    CONCLUSION

Based on the foregoing, it is hereby ORDERED that Steven Zinnel's motions at ECF No. 18, 19, 24, 28, 31, 33, and 34 are DENIED.

Further, IT IS HEREBY RECOMMENDED Steven Zinnel's motion to quash the writ (ECF No. 21) be DENIED and that Steven Zinnel's request for an evidentiary hearing (ECF No. 23) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: August 9, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE