1   Steven Zinnel,   #66138-097

2   Federal Correctional Institution
    FPC Sheridan
    P.O. Box 6000
3   Sheridan, OR  97378-6000

4

5   Defendant  in Pro Se

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,          Case No.: 2:21-mc-00143-TLN-AC

12          Plaintiff,                  Criminal Case No.: 2:11-cr-00234-TLN

                                        STEVEN ZINNEL'S
13          v.                          REPLY TO THE UNITED STATES OF
                                        AMERICA'S OPPOSITION TO ZINNEL'S
14   STEVEN ZINNEL,                     REQUEST TO TRANSFER THE PROCEEDINGS,
                                        PROPERTY, FUNDS, AND ACCOUNT(S)
15          Defendant and Judgment Debtor.   AND THIS ACTION TO THE FEDERAL
                                        JUDICIAL DISTRICT OF OREGON
16                                      BECAUSE PLAINTFF HAS FORCED
                                        STEVEN ZINNEL TO LIVE IN SHERIDAN,
17   DAVID ZINNEL, SUCCESSOR TRUSTEE    OREGON,  WHICH IS OUTSIDE THE
     OF THE CASTANA TRUST, DATED        EASTERN DISTRICT OF CALIFORNIA
18   MARCH 4, 2009,                     [28 U.S.C. 3004(b)(2)

19          Garnishee.

20

21        Defendant and alleged judgment debtor Steven Zinnel ("Zinnel")

22   hereby replies to the United States of America's Opposition to

23   Defendant's Motion (sic) to Transfer Case (ECF #42) as follows:

24        Preliminarily, Zinnel's Request to Transfer is not a "motion" as

25   Plaintiff's counsel mischaracterizes Zinnel's request.  Nowhere in

26   28 U.S.C. 3004(b)(2) does the statute require Zinnel to make a motion

27   nor does it allow the Plaintiff the ability to file an opposition.

28   Plaintiff's "opposition" must be disregarded by the Court.

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

I.  <u>DOCKET CITATIONS</u>

On a clarification matter, as this Memorandum cites court-filings in four (4) different cases filed in the United States District Court, Eastern District of California (Sacramento), Zinnel will refer to court-filings in the cases:

<u>United States v. Steven Zinnel</u>,
Case No. 2:11-cr-00234-TLN      as "Criminal Case"

<u>United States v. Steven Zinnel / TD Ameritrade</u>,
Case No. 2:21-mc-00098-TLN-AC    as "Misc. Case #1"

<u>United States v. Steven Zinnel / David Zinnel, Castana</u>,
Case No. 2:21-mc-00143-TLN-AC    as "Misc. Case #2"

<u>United States v. Steven Zinnel / David Zinnel</u>,
Case No. 2:19-mc-00242-TLN      as "Subpoena Case"

II.  <u>ANALYSIS</u>

A.  <u>Transfer is mandated by 28 U.S.C. 3004(b)(2) & case law</u>

This Court does not have jurisdiction to make any rulings in this case other than to transfer this case to the District of Oregon.  Because Plaintiff United States has forced Zinnel to live in Sheridan, Oregon, pursuant to 28 U.S.C. 3004(b)(2) Zinnel made a timely request to transfer this case to the District of Oregon.  (see ECF #19).  Transfer is mandatory; 28 U.S.C. 3004(b)(2); 28 U.S.C. 3202(b); <u>United States v. Nash</u>, 175 F.3d 440 (6th Cir. 1999); <u>United States v. Peters</u>, 783 F.3d 1361 (11th Cir. 2015); <u>United States v. Vigil</u>, U.S.D.C. D. Idaho, 2020 U.S. Dist. LEXIS 24537 (D. Idaho, 2/10/20); <u>United States v. Gipson</u>, 714 F. Supp. 2d 571 (N.D. Va. 2010); Misc. Case #2 ECF nos. 19 and 25. Zinnel objected to this Court ruling on any matters pending in this case other than transferring the case to Oregon. Misc. Case #2, ECF #25.

B.   The government ignores the reasons Zinnel waived
his physical presence in a Sacramento courtroom

In its opposition, the government makes great fanfare
that Zinnel waived his physical presence in the courtroom
in Sacramento.  However, the government lawyers' rhetoric
offers no aid.  Zinnel's Request to Transfer the case to the
District of Oregon. Zinnel stated that he wants to personally
appear in the courtroom to advocate his best interests.
Misc. Case #2, ECF #19, 6:4-6.  Both in his Request to
Transfer and Waiver of Physical Presence, Zinnel informed the
court and the government lawyers that Zinnel is participating
in vital First Step Act programming and RDAP that would be
interrupted if Zinnel was forced to physically appear in
a courtroom in Sacramento.  (Misc. Case #2, ECF 24, 3:21-23;
ECF #19, 6:14-18.  Further, Zinnel wants to have his legal
papers in court.  ECF #19, 6:6-8.  With the case in Oregon,
Zinnel could go to court with a town-driver and be back
to FPC Sheridan within hours.  ECF #19, 6:8-14.  Moreover,
there is a massive problem with mail between Sacramento and
Sheridan Oregon.  ECF #19, pages 7-13.  Finally, Zinnel
will be greatly prejudice if this case is not transferred
to the District of Oregon.  ECF 19, 5:19-25, 7:1-3.
This is why Zinnel waived oral argument at any hearings on
his motion.  As the government points out, just recently,
Zinnel filed a Notice of Continued Prejudice because this
case has not been transferred to the District of Oregon.
Opposition at 1:28-2:2; ECF #37.  Zinnel has the right to
physically appear in court and the right to appear in Oregon.

3

C.   The court can begin and end with the authority
     the government and Zinnel both cite

Both the government and Zinnel cite the controlling law
of 28 U.S.C. 3004(b)(2), Nash, and Peters. ECF #42, 2:17-28;
ECF #19, pgs. 2-4.  Both the government and Zinnel inform
this court that the Ninth Circuit has yet to weigh in.
ECF #42, 3:13-14; ECF #18, 4:21-23.  It is a scientific
certainty that if this Court does not follow the law and
transfer this case to the District of Oregon, there will be
Ninth Circuit law because Zinnel will appeal to the Ninth
Circuit any erroneous district court orders in this case,
which he can as a matter of right, and Zinnel has the time
to do so because he is incarcerated and does not have to
spend time earning a living, commuting to work, preparing
tax returns, doing home repairs, cooking food, washing clothes,
or doing the dishes.  In any appeal, Zinnel's first Issue on
Appeal will be the court's reversible error for not
transferring this garnishment to the District of Oregon as
Congress mandated when it used the word "shall" in
28 U.S.C. 3004(b)(2).  The Supreme Court has found "shall to
be the language of command." Escoe v. Zerbst, 295 U.S. 490,
493 (1935);  "Shall creates an obligation not subject to
judicial discretion." Lexecon, Inc. v. Milberg, Weiss,
Bershad, Hynes & Lerach, 523 U.S. 26, 35 (1998).

This Court must assume that Congress meant what is said
when it used the term "shall be transferred to the district
court for the district in which the [alleged] debtor resides."
United States v. Gonzales, 520 U.S. 1, 5 (1997).

4

D.   The government has not proffered a scintilla of evidence that Zinnel is delaying or frustrating the government's collection efforts and in fact it is the government who has delayed and slept on its perceived rights for over seven (7) years

The government cites several cases that several district courts have found "good cause" when the transfer request was merely to delay or frustrate collection efforts. (see Opposition, ECF #42 at 3:15-28).  However, in the Criminal Case and this garnishment case, the government has delayed collection efforts for over seven (7) years. The initial judgment in the Criminal Case was entered on March 4, 2014.  (See Misc. Case #2, ECF #1 at 2:4-6). However, the government, Plaintiff in this case, waited over seven (7) years before it filed its first garnishment case on April 2, 2021.  (see Misc. Case #1, ECF #1). Maxims of Jurisprudence are contained in California Civil Code sections 3509-3548.  California Civil Code 3527 states: "The law helps the vigilant, before those who sleep on their rights."  Here, Zinnel was vigilant in requesting transfer of this garnishment case to the District of Oregon and the government/Plaintiff slept on perceived collection rights for over seven (7) years. Zinnel requested that this case was transferred within twenty (20) days of receiving notice of the action. Therefore, Zinnel has not caused any "delay."

///

///

///

E.   The government's whining that the filings in
this case are voluminous and the case has
substantially progressed should fall on deaf ears

The government lawyers whine in Plaintiff's opposition
that "the filings and rulings in both cases are voluminous
and both cases have substantially progressed." Opp. ECF #42
at 5:8-9.  This should fall on deaf ears.  In the first case,
Misc. #1, with his initial filings on May 3, 3021, Zinnel
requested that the first garnishment case was transferred to
the District of Oregon.  Misc. Case #1, ECF #21. The
government should have anticipated because they knew Zinnel
was incarcerated in the District of Oregon because their
employer, the Department of Justice, is the same agency that
is incarcerating Zinnel.  Attorneys are expected to know the
law and here it is evident that the government attorneys knew
the law because in both garnishment cases, the government
attorneys drafted the "Clerk's Notice of Instruction to
Judgment Debtor" wherein both times they inserted the required
28 U.S.C. 3202(b) notice that "If [Zinnel] lives outside the
federal judicial district...[Zinnel] may request...that the
proceedings be transferred." (see Misc. Case #1, ECF # 5-3,
at 3:8-11; Misc. Case #2, ECF # 3, at 3:10-13).  Further,
obviously the government lawyers know about 28 U.S.C. 3004(b)(2).
In the first ganishment case, Misc. Case #1, Zinnel has filed
many court-filings claiming his 28 U.S.C. 3004(b)(2) rights
to transfer the garnishment case to Oregon. e.g. Misc. Case #1,
ECF nos. 32, 42, and 74.  Therefore, the government lawyers
clearly had actual notice that they should file their second

6

garnishment case, Misc. Case #2, in the District of Oregon
where the U.S. Attorney's Office has its office in the
Federal Courthouse like they do in Sacramento.  If the
government attorneys would have followed the law and
considered Zinnel's filings in the first garnishment case and
filed this action in the District of Oregon, then the
"voluminous filings and substantial progress" the government
lawyers whine about would not have happened.  Further, Zinnel
would not have had to draft and file this Reply Brief and
court would not have to read the government's opposition and
Zinnel's Reply Brief.  The government lawyers should look in
the mirror instead of pointing fingers at Zinnel.

F.   The government lawyers continue to lie to the court

Government lawyer AUSA Kurt Didier writes:

"Defendant's Motion and his posture throughout has
been to delay and unnecessarily complicate these
proceedings.  Despite the several orders entered
against him in this case."  Opp. ECF 42, at 5:18-19.

As explained above, Zinnel has not delayed this case
or the first garnishment case at all.  Second, as of July 27,
2021, this Court has not made a single adverse order against
Zinnel.  (see Misc. Case #2, ECF nos. 1-44).

Many times in the Criminal Case, Zinnel has informed
the court that the government lawyers continue to lie to the
court in an attempt to win at all costs and malign Zinnel
with the court.  (e.g. Criminal Case, ECF #562, pgs. 11-18,
ECF #530, pgs. 17-23, ECF #560, pgs.24-30).  Further, Zinnel
has informced the court that the government lawyers were

1  violating F.R.C.P. Rule 11 and California Business and

2  Professions Code 6068.  (see Criminal Case ECF #560, pgs. 27-

3  30).  The government lawyers lies in the Criminal Case were

4  so pervasive, Zinnel devoted an entire volume in his

5  sentencing exhibits to a lawyer's duty of candor.  (Criminal

6  Case ECF #586-7, pgs. 26-77).

7      The law is clear that lawyers cannot lie or attempt

8  to mislead a court.  28 U.S.C. 3004(b)(2) is clear that this

9  case must be transferred and the government lawyers argument

10  to the contrary is misleading the court.  Prosecutors, as

11  servants of the law, are subject to constraints and

12  responsibilities that do not apply to other lawyers; they

13  must serve truth and justice first.  United States v. Kojayan,

14  8 F.3d 1315, 1323 (9th Cir. 1993).  Prosecutors' job is not

15  just to win, but win fairly, staying within the rules.

16  Berger v. United States, 295 U.S. 78, 88 (1935).

17      Under the State Bar Act, an attorney may only use

18  arguments and methods that "are consistent with truth, and

19  may never seek to mislead the judge by artifice or false

20  statement of fact or law.  California Business and Professions

21  Code 6068(d).  Likewise, an attorney is prohibited "to

22  advance facts prejudicial to the honor or reputation of a

23  party."  Cal. Bus. & Prof. Code 6068(f).

24      Here, the government lawyers are trying to turn the law

25  on its head and wilfully mislead the court and at the same

26  time damage the reputation of a party.

27

8

III.    CONCLUSION

In order to win at all costs and deny the transfer mandated by Congress in 28 U.S.C. 3004(b)(2), AUSA Kurt Didier, as a servant of the law, cites United States v. Gipson, 714 F.Supp. 2d 571 (N.D. Va 2010) twice.  See Opp. ECF #42 at 3:20 & 4:17.  However, the district court judge in Gipson flatly rejected the government lawyer's specious attempt to stop the mandatory transfer writing:

> "Despite the government's efforts to create ambiguity...
> the request to transfer is properly GRANTED."

Why are the government lawyers fighting so hard to prevent what the law clearly requires?

This garnishment case "shall" be transferred to the District of Oregon pursuant to 28 U.S.C. 3004(b)(2) because Zinnel lives in Sheridan, Oregon and Zinnel timely requested the transfer.  (Misc. Case #2, ECF #19).  Nuff' Said.

Seeking Justice,

Steven Zinnel                          Dated: 8/2/21

<u>CERTIFICATION OF SERVICE</u>

By United States Mail

I hereby certify that at the time of service, I was over the age of 18.  I further certify that on ___8/2/21___

I served a true and correct copy of the foregoing on:
AUSA Lynn Trinka Ernce
AUSA Kurt A. Didier
U.S. Attorney's Office, ED CA
501 I Street, Suite 10-100
Sacramento, CA  95814

Attorney for Plaintiff


K. Greg Peterson
K. Greg Peterson, A Professional Law Corporation
455 Capitol Mall, Suite 325
Sacramento, CA  95814

Attorney for Third-Party Claimant David Zinnel

by United States Mail, in a sealed envelope with the postage thereon fully prepaid, and then depositing the foregoing with prison authorities at FPC Sheridan, 27072 Ballston Road, Sheridan, OR  97378.

Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to a court, the court deems the pleading constrctively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Houston v. Lack, 487 U.S. 266, 270-271, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Steven Zinnel, #66138-097
FPC Sheridan
P.O. Box 6000
Sheridan, OR  97378-6000